Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: anna.park@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech St., Suite 504
San Diego, CA. 92101
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LA LOUISANNE, INC., and Does 1-10 Inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT**<br><br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br><br>(42 U.S.C. §§ 2000e, et seq.)<br><br>**JURY TRIAL DEMAND** |

-1-

## NATURE OF THE ACTION

This is an employment discrimination action brought by Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices based pregnancy, a condition of sex, (female), and to provide appropriate relief to Charging Party Breane Wingfield ("Wingfield") and other similarly-situated individuals. As alleged with greater particularity in Paragraphs 16-34 herein, the Commission alleges that Defendant LA Louisanne, Inc. and Does 1-10 (collectively referred to herein as "Defendant"), unlawfully subjected Wingfield, and other similarly-situated individuals to disparate treatment and/or discharge because of pregnancy, a condition of their sex (female). The Commission further alleges that Wingfield was subjected to retaliation for having engaged in protected activity in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and

the Pregnancy Discrimination Act of 1978. Plaintiff EEOC is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. At all relevant times, Defendant has continuously been a corporation doing business within California and the jurisdiction of the United States District Court for the Central District of California.

6. At all relevant times, Defendant has continuously employed fifteen (15) or more persons.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(1) (b), (g), and (h).

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendant(s), each acting as a successor, agent, employee, alter ego, owner, officer, member, manager, partner, indirect employer, joint employer, single employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant(s) complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner

responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

10. More than 30 days prior to the institution of this lawsuit, Charging Party Breane Wingfield filed a charge with the Commission alleging violations of Title VII by Defendant.

11. On June 29, 2017, after an investigation by the Commission, the Commission issued Defendant(s) a Letter of Determination finding reasonable cause to believe that Title VII and Pregnancy Discrimination Act of 1978 were violated and inviting Defendant to join with the Commission to endeavor to eliminate the discriminatory practices and provide appropriate relief through informal methods of conciliation.

12. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On August 3, 2017, the Commission issued Defendant a Notice of Conciliation Failure.

15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

### Pregnancy Discrimination

16. Since at least 2015, Defendant has engaged in unlawful employment practices based on pregnancy, a condition of sex (female) in violation of Sections 701 (k) and 703 (a)(1) of Title VII, 42 U.S.C. §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1).

17. Defendant operates a Cajun restaurant and jazz night club in south

Los Angeles, CA. On or about June 8, 2015, Wingfield was hired by Defendant for a cocktail waitress or server position.

18. On or about September 21, 2015, Wingfield informed Defendant that she was nine weeks pregnant and that she wanted to continue working as long as she was physically able.

19. From October 2015 through January 2016, Wingfield was subjected to pregnancy-related comments about twice a week by co-workers. These comments include: "You pregnant!" You would just be having sex!" "Who the daddy?" "You're still not gonna tell me who the daddy?"

20. Wingfield was unable to complain to Defendant about these comments because Defendant lacked an equal employment opportunity complaint process.

21. On or about mid-January 2016, Defendant reduced Wingfield's work hours were reduced from thirty (30) to sixteen (16) hours per week while non-pregnant co-worker Janae Moses received more work hours. Wingfield did not receive an explanation for the reduction in hours.

22. Sometime during the third week of January 2016, Defendant told Wingfield that she was a liability to the company and that Defendant didn't want anything bad to happen to her while working at the restaurant.

23. By late January 2016, Defendant failed to assign Wingfield any work hours and had effectively discharged Wingfield.

24. On or about January 31, 2016, Wingfield visited Defendant's restaurant regarding her employment status and seeking reinstatement. During this visit, Defendant told Wingfield that she had been removed from the work schedule because the restaurant owner believed she "was a liability for the employer in her pregnant state," among other things.

25. On or about February 1, 2016, Wingfield again returned to the restaurant to seek reinstatement to her server position and submitted a full medical

release to return to work. Defendant again refused to reinstate Wingfield.

26. Sometime during early February 2016, Wingfield left a phone message with Defendant requesting assistance with her application for unemployment compensation benefits. Shortly thereafter, Defendant returned Wingfield's phone call and angrily told her, "don't nobody tell you to spread your legs and get pregnant," and refused to provide her with assistance.

27. In addition to Wingfield, the Commission is under informed belief that Defendant has subjected a class of similarly-situated individuals to discrimination and/or discharge because of pregnancy, a condition of their sex, (female).

### Retaliation

28. Defendant also engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). More specifically, Defendant denied Wingfield re-hire in retaliation for having engaged in protected activity.

29. During mid-February 2016, Wingfield filed an EEOC Charge of Discrimination alleging Defendant had subjected her to pregnancy discrimination in violation of Title VII.

30. On or about April 25, 2016, Wingfield gave birth, and was ready to return to her server position in early June 2016.

31. During mid-June 2016, Wingfield returned to the restaurant seeking re-employment. During this visit, Defendant told Wingfield that she could not return to work because she had "filed a lawsuit against" the restaurant.

32. The effect of the practices complained of, as described above, has been to deprive Wingfield and other similarly-situated individuals of equal employment opportunities and otherwise adversely affect their status as an employee, because of pregnancy, a condition of their sex (female).

33. The unlawful employment practices complained of, as described

above, were intentional and caused Wingfield and other similarly-situated individuals to suffer emotional distress.

34. The unlawful employment practices complained of, as described above, were done with malice or with reckless indifference to the federally protected rights of Wingfield and other similarly-situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice in violation of Title VII, as amended.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of Title VII, as amended.

C. Order Defendant to make whole Breane Wingfield and other similarly-situated individuals by providing them appropriate back- pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Order Defendants to make whole Breane Wingfield and other similarly-situated individuals by providing them compensation for past and future pecuniary losses, in amounts to be determined at trial including, but not limited to, out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to make whole Breane Wingfield and other similarly-situated individuals by providing them compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial. The non-pecuniary losses include, but are not limited to,

1  emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of
2  enjoyment of life.
3      F. Order Defendant to pay Breane Wingfield and other similarly-situated
4  individuals punitive damages for its malicious and/or reckless conduct as described
5  above, in amounts to be determined at trial.
6      G. Award the Commission its costs of this action.
7      H. Grant such further relief as the Court deems necessary and proper in the
8  public interest.
9
10                         **JURY TRIAL DEMAND**
11     The Commission requests a jury trial on all questions of fact raised by its
12 complaint.
13
14
15
16 //
17 //
18 //
19
20 //
21 //
22
23 //
24 //
25
26 //
27 //
28

Dated: 9·11·2017

Respectfully Submitted

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: 
Anna Y. Park,
Regional Attorney

SUE J. NOH
Supervisory Trial Attorney

CONNIE K. LIEM
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION